NO. 12-03-00417-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


DIANE LYNNE HALL,                                     §     APPEAL FROM THE 115TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

JACK WILTON HALL,
APPELLEE                                                        §     UPSHUR COUNTY, TEXAS





MEMORANDUM OPINION
            Diane Lynne Hall appeals the trial court’s entry of a final divorce decree and judgment
awarding sanctions to Robert R. Foster.


 Diane Hall raises two issues on appeal. We reverse and
render in part and affirm in part.
Background
            Jack Hall filed divorce proceedings against Diane Hall on April 25, 2003. The couple
had no children together. Diane Hall filed a general denial. On September 8, 2003, the parties
participated in a mediation of the case. As a result, Jack Hall and Diane Hall entered into a
mediated settlement agreement dividing their respective interests in their community property. 
Both Jack Hall, Diane Hall, and their respective attorneys signed the agreement, which stated,
in pertinent part, as follows:
 
THIS MEDIATED SETTLEMENT AGREEMENT IS BINDING ON THE PARTIES
HERETO AND NOT SUBJECT TO REVOCATION, REPUDIATION OR
WITHDRAWAL OF CONSENT. THIS AGREEMENT IS BINDING WHETHER OR
NOT FILED WITH OTHER PLEADINGS IN THIS CAUSE. THIS MEDIATED
SETTLEMENT AGREEMENT IS BINDING ON THE PARTIES HERETO PURSUANT
TO SECTION 153.0071 OF THE TEXAS FAMILY CODE. THIS MEDIATED
SETTLEMENT AGREEMENT IS BINDING ON THE PARTIES HERETO PURSUANT
TO SECTION 154.071 OF THE TEXAS CIVIL PRACTICES AND REMEDIES CODE
AND PURSUANT TO RULE 11 OF THE TEXAS RULES OF CIVIL PROCEDURE.
 
            Following mediation, Diane Hall, by and through her trial counsel, filed a motion to
repudiate the mediated settlement agreement. Jack Hall sought to enforce the settlement
agreement by filing a motion for entry of a final decree of divorce and, further, moved for
sanctions against Diane Hall related to her attempt to repudiate the agreement. Thereafter, the
trial court signed and entered a final divorce decree, in which it approved the terms of the
mediated settlement agreement between the parties and divided the community property in
accord with the terms of the parties’ agreement. 
            Diane Hall filed a motion for new trial. Subsequently, the trial court granted Jack Hall’s
motion for sanctions and signed a judgment ordering Diane Hall to pay one thousand dollars in
attorney’s fees incurred by Jack Hall to Robert R. Foster. Diane Hall filed a request for findings
of fact and conclusions of law. The trial court did not file written findings of fact and
conclusions of law.


 Diane Hall did not file notice of past due findings of fact and conclusions
of law. Diane Hall’s motion for new trial was overruled by operation of law. This appeal
followed.
Repudiation of a Mediated Settlement Agreement
            In her first issue, Diane Hall argues that the trial court misconstrued the settlement
agreement as irrevocable pursuant to Texas Family Code, section 6.602, and that it was, in fact,
a revocable agreement in accordance with Texas Civil Practices and Remedies Code, section
154.071.
            In a final decree of divorce, a trial court is generally required to order a division of the
community and quasi-community property that the court deems just and right. See Tex. Fam.
Code Ann. § 7.001, 7.002 (Vernon 1998 & Supp. 2004–05); Cayan v. Cayan, 38 S.W.3d 161,
164 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). Where parties enter into an agreement
concerning the division of their property, the agreement may be revised or repudiated before
rendition of the divorce unless the agreement is binding under another rule of law. See Tex.
Fam. Code Ann. § 7.006(a) (Vernon 1998); Cayan, 38 S.W.3d at 164. If the court finds that
the terms of a property division agreement are just and right, those terms are binding on the
court; if not, the court may request the parties to submit a revised agreement or may set the case
for a contested hearing. See Tex. Fam. Code Ann. § 7.006(b), (c) (Vernon 1998); Cayan, 38
S.W.3d at 164–65. Once a court renders judgment on a settlement agreement, consent to the
agreement cannot be revoked. See Tex. Fam. Code Ann. § 7.006(a); Cayan, 38 S.W.3d at 165. 
            Texas Family Code, section 6.602 serves as an exception to the aforementioned
provisions. See Cayan, 38 S.W.3d at 166. Section 6.602 provides that a mediated settlement
agreement is binding on the parties thereto if it (1) provides, in a prominently displayed
statement that is in boldfaced type or capital letters or underlined, that the agreement is not
subject to revocation, (2) is signed by each party to the agreement, and (3) is signed by the
party’s attorney, if any, who is present at the time the agreement is signed. See Tex. Fam. Code
Ann. § 6.602(b) (Vernon Supp. 2004–05). If the mediated settlement agreement meets such
requirements, a party is entitled to judgment on the agreement notwithstanding other rules of law. 
See Tex. Fam. Code Ann. § 6.602(c) (Vernon Supp. 2004–05). When the Legislature enacted
Section 6.602, it definitely and deliberately created a procedural shortcut for enforcement of
mediated settlement agreements in divorce cases. Cayan, 38 S.W.3d at 166. 
            In the case at hand, the agreement was signed by Jack Hall, Diane Hall, and their
respective attorneys. Furthermore, the agreement provides that it is “binding” and “not subject
to revocation, repudiation[,] or withdrawal of consent.” The statement that the agreement was
not subject to revocation was prominently displayed beginning at the middle of the fourth page
of the document, just above where the parties and their respective attorneys were to sign. 
Moreover, the statement was displayed in capital letters, boldfaced type, and underlined. We
conclude that the document meets the requirements of Section 6.602.
            Diane Hall first argues that in order for a mediation to be categorized as a “Section 6.602
Agreement,” it must explicitly state that it is signed pursuant to Section 6.602. Diane Hall cites
no authority in support of such a contention, nor are we aware of the existence of any such rule
of law. Notably, there is no reference to such a requirement anywhere in Section 6.602. Id.
            Diane Hall next argues that the explicit reference to Texas Civil Practice and Remedies Code,
section 154.071 causes that section to govern instead of 6.602.


 Yet, Section 6.602 states that where
an agreement meets the aforementioned requirements, a party is entitled to judgment on the agreement
“notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.” See Tex. Fam.
Code Ann. § 6.602(c) (emphasis added). Such language has been held to preclude applicability of
other statutes when interpreted in light of Texas Family Code, section 153.0071, which contains
identical language to Section 6.602, but applies in disputes concerning the parent-child relationship. 
See Alvarez v. Reisner, 958 S.W.2d 232, 234 (Tex. App.–Texarkana 1997, pet. denied); compare
Tex. Fam. Code Ann. § 153.0071(d) (Vernon 2002) with Tex. Fam. Code Ann. § 6.602. Thus, we
conclude that the matter is not governed by Section 154.071.
            Diane Hall further argues that in Cayan, the court stated that “a section 6.602 agreement cannot
be imposed on parties against their wishes” and that parties “remain free to enter mediated settlement
agreements that do not fall within section 6.602 and, in fact, must take affirmative steps to qualify for
section 6.602 treatment.” Id. at 166. We do not disagree. Both parties to the instant agreement were
free to enter into mediated settlement agreements not governed by 6.602. Yet, when both parties and
their respective attorneys signed the agreement, in which was prominently displayed with thrice the
requisite emphasis, the words “THIS MEDIATED SETTLEMENT AGREEMENT IS ... NOT
SUBJECT TO REVOCATION[,]” they undertook the appropriate, affirmative steps to ensure that
their agreement qualified for Section 6.602 treatment, notwithstanding another rule of law. See Tex.
Fam. Code Ann. § 6.602(b), (c).
            Diane Hall finally argues that even if the agreement is determined to be governed by Section
6.602, the trial court nonetheless abused its discretion by enforcing the agreement because it excluded
substantial community assets, which Jack Hall did not disclose, and was obtained by fraud. In support
of her argument, she cites Boyd v. Boyd, 67 S.W.3d 398 (Tex. App.–Fort Worth 2002, no pet.). In
Boyd, the trial court held that a mediated settlement agreement under Section 6.602 can be held
unenforceable where one spouse, who has a duty to disclose, intentionally withholds information about
substantial marital assets. Id. at 405.
            In Boyd, although Mrs. Boyd had propounded discovery requests upon Mr. Boyd, such requests
were not due at the time the parties entered the mediated settlement agreement. Id. at 404. In the case
at hand, Diane Hall did not serve Jack Hall with any discovery requests. In Boyd, the trial court
determined that Mr. Boyd’s duty to disclose arose from a statement in the mediated settlement
agreement stating that “[e]ach party represents that they have made a fair and reasonable disclosure
to the other of the property and financial obligations known to them.” Id. No such promise to disclose
is contained in the agreement in the instant case or is otherwise contained in the record. Thus, we
conclude that the instant case is distinguishable from Boyd as Jack Hall had no duty to disclose. 
            Diane Hall further contends that Jack Hall procured her acquiescence to the agreement by fraud
in that he deliberately concealed the true value of their home and surreptitiously withdrew money from
his 401(k) account prior to the mediation. However, Diane Hall has not specifically directed us to any
portion of the record where we may find evidence that Jack Hall either surreptitiously withdrew money
from his 401(k) prior to the mediation or that he intentionally or knowingly misrepresented the
appraised value of their house at or before the time the agreement was executed.


 Therefore, Diane
Hall has waived the issue on appeal. See Tex. R. App. P. 38.1(h); Sisters of Charity of the Incarnate
Word v. Gobert, 992 S.W.2d 25, 31 (Tex. App.–Houston [1st Dist.] 1997, no pet.). Diane Hall’s first
issue is overruled.
Motion for Sanctions
            In her second issue, Diane Hall argues that the trial court erred in granting Jack Hall’s motion
for sanctions. Imposing sanctions is a matter left to the sound discretion of the trial court. See
Koslow’s v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990). We will set aside a trial court’s order
imposing sanctions only on a showing of a clear abuse of discretion. Id. The test for abuse of
discretion is whether the trial court acted without reference to any guiding rules and principles, or
equivalently, whether under all the circumstances of the particular case, the trial court’s action was
arbitrary or unreasonable. Id. 
            Texas Rule of Civil Procedure 13 provides, in pertinent part, as follows:
 
Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court,
or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in
pleading which they know to be groundless and false, for the purpose of securing a delay of the trial
of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in
violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall
impose an appropriate [sanction] available under Rule 215-2b, upon the person who signed it, a
represented party, or both.
 
Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions
under this rule may be imposed except for good cause, the particulars of which must be stated in the
sanction order. “Groundless” for purposes of this rule means no basis in law or fact and not warranted
by good faith argument for the extension, modification, or reversal of existing law.
 
Tex. R. Civ. P. 13. Texas Rule of Civil Procedure 215.2(b) provides for monetary sanctions for
reasonable expenses, including attorney fees, unless other circumstances make an award of expenses
unjust. See Tex. R. Civ. P. 215.2(b)(8); Glass v. Glass, 826 S.W.2d 683, 688 (Tex. App.–Texarkana
1992, no writ). A court must presume that pleadings, motions, and other papers are filed in good
faith, and the burden to overcome this presumption rests upon the movant. See GTE Comm. Sys.
Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993). Where, as here, a party is sanctioned, the party
must be implicated for his unique conduct separate from the attorney’s representation, while the
attorney may be generally liable for each groundless pleading. See Bradt v. Sebek, 14 S.W.3d 756,
769 (Tex. App.–Houston [1st Dist.] 2000, pet. denied); Glass v. Glass, 826 S.W.2d 683, 687 (Tex.
App.–Texarkana 1992, writ denied).
            In its findings of fact and conclusions of law related to Jack Hall’s motion for sanctions, the
trial court stated as follows:
            1.           The mediation that was conducted in this case was set up by agreement between the
attorneys and the parties at the request of Diane Lynne Hall.
 
              2.           Respondent, Diane Lynne Hall, knew of the amount of the valuation on the
residence of which she now complains prior to the mediation and had in her
possession the same appraisal relied upon by petitioner at mediation.
 
              3.           Respondent, Dianne Lynne Hall, only sought to create evidence after the mediation,
which evidence did not exist prior to the mediation and is not credible to vary the
information provided by both parties at the time of mediation.
 
              4.           The Motion to Repudiate Mediation Agreement and Motion for Continuance filed
on the day of trial were filed without notice to counsel for Petitioner, Jack Wilton
Hall, and were filed in bad faith solely at the insistence and instigation of
Respondent, Dianne Lynne Hall.
 
              5.           Diane Lynne Hall had no reasonable basis at law or in fact for the filing of the
documents created at her insistence, and by her conduct necessitated the resulting
Motion for Entry of Final Decree of Divorce and Motion for Sanctions filed by
Petitioner, Jack Wilton Hall.
 
              6.           Petitioner, Jack Wilton Hall, did not commit fraud during the mediation and made
no material misrepresentations to Respondent, Diane Lynne Hall.
 
              7.           Much of the testimony of Respondent, Dianne Lynne Hall, is not credible.
 
            Our review of the record does not reveal evidence of sanctionable conduct by Diane Hall that
can be separated from her attorney’s representation. See Bradt, 14 S.W.3d at 769. At the hearing
on Jack Hall’s motion for sanctions, Diane Hall’s attorney testified that, following the mediation,
Diane Hall was no longer willing to follow the mediated settlement and that he was going to have
to file a motion to repudiate the settlement based on her request. Diane Hall’s attorney further
testified that he thought there was a basis for filing the motion to repudiate the settlement agreement
if there was evidence of a misrepresentation by Jack Hall concerning the value of the house. Diane
Hall testified that it was her idea to attempt to repudiate the settlement agreement, but acknowledged
her attorney had done “the best he can to try to get [the] agreement set aside.”
            Although the record reflects that Diane Hall asked her attorney to repudiate the settlement
agreement, her attorney drafted and filed the motion to repudiate. Moreover, it is apparent from her
attorney’s testimony that he believed the motion had merit. See also Tex. R. Civ. P. 13 (the
signature of an attorney to a motion constitutes a certificate by the attorney that he has read the
motion and, to the best of his knowledge, information, and belief, formed after reasonable inquiry,
the instrument is not groundless and brought in bad faith or for the purpose of harassment). Diane
Hall did not sign and file the motion to repudiate the mediated settlement agreement; her attorney
did. See, e.g., Glass, 826 S.W.2d at 687 (where client sanctioned for pleadings filed and signed by
her counsel in violation of Rule 13, court held that a party should not be punished for counsel’s
conduct unless the party is implicated apart from having entrusted its legal representation to
counsel). Therefore, since the record does not support that Diane Hall engaged in unique conduct
separate from her attorney’s representation, we hold that the trial court erred in granting Jack Hall’s
motion for sanctions against Diane Hall alone. Diane Hall’s second issue is sustained.
 
Conclusion
            We have sustained Diane Hall’s second issue and overruled her first issue. We reverse the
trial court’s judgment awarding attorney’s fees to Robert R. Foster and render judgment that
Robert R. Foster take nothing. We affirm the trial court’s entry of the final decree of divorce.
 
 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
 
 
Opinion delivered April 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)