Opinion issued August 6, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-19-00055-CV

NO. 01-19-00345-CV

_____

**ERIC LIPPER, Appellant**

**V.**

**JUSTIN HAYNES, Appellee**

*and*

**IN RE ERIC LIPPER, RELATOR**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-67225**

## MEMORANDUM OPINION

In the underlying suit, an ex-husband, Justin Haynes, sued his ex-wife, her

father, and her attorney for statements the attorney made in the divorce proceeding

in connection with his client's request for attorney's fees. The attorney, Eric Lipper, filed a hybrid motion to dismiss the suit under the Texas Citizens Participation Act and Texas Rule of Civil Procedure 91a, which the trial court denied.

Lipper challenges the denial of his motion on both grounds. In his interlocutory appeal under the TCPA, Lipper contends that (1) he demonstrated that the TCPA applies to Haynes's claims against him, (2) Haynes failed to establish a prima facie case on the elements of his claims, and (3) he satisfied his burden to show that he is immune from liability to Haynes under the doctrine of attorney immunity. Lipper's petition for writ of mandamus seeks relief from the trial court's denial of his motion under Rule 91a.[1]

We conclude that Lipper proved his entitlement to dismissal under the TCPA and, accordingly, reverse the trial court's order and remand the case for further proceedings under that statute. *See* TEX. CIV. PRAC. & REM. CODE § 27.009. We dismiss the petition for writ of mandamus as moot.

## BACKGROUND

During the marriage between Haynes and J.P. Bryan's daughter, Alicia Bryan, Haynes asked J.P. for a loan to assist him in purchasing a condominium. J.P. loaned

---

[1] The petition for writ of mandamus is cause number 01-19-00345-CV. The interlocutory appeal is cause number 01-19-00055-CV. The underlying case is *Justin Haynes v. J.P. Bryan, Alicia Bryan, and Eric Lipper*, No. 2018-67225, in the 129th Judicial District Court of Harris County, Texas, the Honorable Larry Weiman presiding.

2

the money to Haynes under a promissory note. The parties eventually came to dispute when Haynes was required to satisfy the debt.

After Alicia filed for divorce from Haynes, J.P. sued Haynes in a separate proceeding on the unpaid note. Lipper represented Alicia in the divorce proceeding and J.P. in the suit on the note.

J.P. and Haynes reached a settlement in the suit on the note, under which each party agreed to bear its own attorney's fees and costs. In the divorce proceeding, the court held a bench trial. Lipper presented a request for attorney's fees during the trial, supported by redacted billing records. In cross-examining Lipper on the billing entries, Haynes's attorney identified a billing entry that pertained to Lipper's representation of J.P. in the suit on the note. In response, Lipper acknowledged the error.

Haynes alleges that despite Lipper's acknowledgment that the entry pertained to his work for J.P. in the suit on the note, Lipper never corrected the billing statements on file. The divorce court's judgment awarded Alicia her reasonable and necessary attorney's fees based on the fees requested without adjusting for the billing error.

Haynes did not challenge the attorney's fee award on this ground in his appeal of the divorce judgment. Instead, he brought this suit against Lipper, J.P., and Alicia, claiming breach of contract, tortious interference, and conspiracy.

**DISCUSSION**

## I.     TCPA Appeal

Lipper contends the trial court erred in denying his motion to dismiss because the TCPA applies to Haynes's claims and Lipper demonstrated by a preponderance of the evidence that the attorney-immunity defense forecloses Haynes's claims.

### A.     Applicable Law and Standard of Review

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). The reviewing court considers the pleadings and the evidence that the trial court considered in ruling on the motion. *See* Tex. Civ. Prac. & Rem. Code § 27.006; *In re Lipsky*, 460 S.W.3d 579, 587 (Tex. 2015).

The TCPA "provides a procedure for expeditiously dismissing a non-meritorious legal action that 'is based on, relates to, or is in response to the party's exercise'" of free-speech, petition, or associational rights. *Hersh v. Tatum*, 526 S.W.3d 462, 466 (Tex. 2017) (quoting Tex Civ. Prac. & Rem. Code §§ 27.001(3), 27.005(b)(1)). In proceeding under the TCPA, the movant bears the initial burden to demonstrate by a preponderance of the evidence that the TCPA applies to the nonmovant's claims. Tex. Civ. Prac. & Rem. Code §§ 27.003(a), 27.005(b); *see*

4

*Hersh*, 526 S.W.3d at 466; *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017).

If the movant shows that the statute applies, then "the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of his claims." TEX. CIV. PRAC. & REM. CODE § 27.005(c); *Hersh*, 526 S.W.3d at 468. Under the prima facie standard, evidence is sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted. *In re Lipsky*, 460 S.W.3d at 590. Although this standard exceeds mere notice pleading, it requires only the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Porter-Garcia v. Travis Law Firm, P.C.*, 564 S.W.3d 75, 86 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

If the nonmovant makes the requisite showing, the movant may prevail by proving the essential elements of any valid defenses by a preponderance of the evidence. TEX. CIV. PRAC. & REM. CODE § 27.005(d); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018).

**B.    Analysis**

Lipper argues that Haynes's allegations against him are grounded in statements he made in connection with Alicia's request for attorney's fees during the divorce proceeding, which merit protection under the TCPA and render him immune from liability to Haynes.

5

### 1. The TCPA applies to Haynes's claims against Lipper.

The TCPA's definition of the "exercise of the right to petition" includes "a communication in or pertaining to . . . a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i), *quoted in Youngkin*, 546 S.W.3d at 680. The statute broadly defines a "communication" as "the making or submitting of a statement or document in any form or medium." TEX. CIV. PRAC. & REM. CODE § 27.001(1), *quoted in Youngkin*, 546 S.W.3d at 680. As the Court held in *Youngkin*, this definition unambiguously includes an attorney's in-court statements, and therefore applies to Haynes's claims against Lipper. *See id.* at 680–81.

### 2. Lipper discharged his burden to prove his attorney-immunity defense.

Lipper contends that the trial court erred in denying his motion to dismiss because Haynes's claims against him rest solely on statements he made on behalf of a client in a legal proceeding and thus are protected under the doctrine of attorney immunity. Assuming without deciding that Haynes made a prima facie case as to the elements of his claims against Lipper, we conclude that the TCPA entitles Lipper to dismissal of Haynes's claims against him because he satisfied his burden to prove the essential elements of the attorney-immunity doctrine by a preponderance of the evidence.

Under the attorney-immunity doctrine, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in

litigation. *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The doctrine has its origins in the common law rule of privity, which "limits an attorney's liability to those in privity with the attorney." *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999). It "exists to promote 'loyal, faithful, and aggressive representation' by attorneys, which it achieves, essentially, by removing the fear of personal liability" for representing an opposing party in a judicial proceeding. *Youngkin*, 546 S.W.3d at 682 (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)); *Bradt v. Sebek*, 14 S.W.3d 756, 766 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).

Whether attorney-immunity applies depends on the conduct at issue, not the alleged wrongfulness of the conduct. *Youngkin*, 546 S.W.3d at 681; *Alpert*, 178 S.W.3d at 405–06 (explaining that attorney immunity "generally applies even if conduct is wrongful in the context of the underlying lawsuit"). We look beyond any characterizations of the attorney's activity as fraudulent or otherwise wrongful. *Youngkin*, 546 S.W.3d at 682; *see, e.g.*, *Cantey Hanger*, 467 S.W.3d at 485 (party in divorce proceeding could not hold ex-spouse's attorney independently liable for executing bill of sale in a way that shifted tax burden to opposing party, contrary to stipulation in divorce decree, because preparing documents ancillary to decree, even in a way that violated decree, was within scope of representation relating to

execution of decree); *Bradt v. West*, 892 S.W.2d 56, 72 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (third party has no independent right of recovery against attorney for filing motions in a lawsuit, even if motions are frivolous or without merit, because drafting and filing motion is conduct attorney engages in as part of discharging duties in lawsuit).

Haynes attacked Lipper's assertion of attorney immunity by contending that Lipper, by including fees incurred in the suit on the note in the request for attorney's fees made in the divorce proceeding, was representing J.P.'s interest, not Alicia's. This contention, though, goes to the allegedly wrongful intent behind the fee request—an issue that we do not consider in our analysis.[2] *See Youngkin*, 546 S.W.3d at 682.

The record shows that the conduct underlying Haynes's claim against Lipper consists wholly of statements that Lipper made and evidence that Lipper presented in open court during the divorce proceedings, in connection with the request for attorney's fees for work performed by Lipper in representing Alicia. Requesting that the trial court order an opposing party to pay attorney's fees incurred by a client in the proceeding is quintessential conduct within the scope of legal representation. Lipper thus met his burden to prove that he is entitled to the protection of attorney

---

[2]    For the same reason, Lipper's admission during the divorce case that he mistakenly included in the billing for Alicia's case an entry for fees incurred by J.P. in the note case does not affect our analysis.

8

immunity from Haynes's claims against him. As a result, we hold that the trial court erred in denying Lipper's TCPA motion to dismiss.

### C. Attorney's fees and sanctions under section 27.009(a)

Lipper contends that he is entitled to an award of attorney's fees and sanctions against Haynes.  Under the TCPA, a defendant who successfully moves for dismissal is entitled to "(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" and "(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." TEX. CIV. PRAC. & REM. CODE § 27.009(a). The trial court has the responsibility to consider a request for attorney's fees and sanctions in the first instance, which it may do on remand.  *See Youngkin*, 546 S.W.3d at 683.

## II. Petition for Writ of Mandamus

Lipper's petition seeks mandamus relief from the trial court's denial of his motion to dismiss based on Rule 91a. Because our disposition of his appeal grants the relief Lipper requests, the petition is moot.

## CONCLUSION

We reverse the trial court's order and remand the case for further proceedings. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a). We dismiss the petition for writ of mandamus as moot.

Gordon Goodman
Justice

Panel consists of Justices Keyes, Goodman, and Kelly.