John Joseph JORDAN d/b/a Appellant Premier Construction Services, Appellant,

v.

Burl and Brenda HAGLER, Appellees.

No. 2–04–367–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 27, 2005.

Crampton & Crampton, Holly Crampton, Wichita Falls, for Appellant.

Gibson, Hotchkiss, Roach & Davenport and Matthew D. Anderson, Wichita Falls, for Appellee.

Panel A: HOLMAN, GARDNER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. INTRODUCTION

In six issues, John Joseph Jordan d/b/a Premier Construction Services ("Jordan") appeals from the trial court's partial summary judgment and order of severance in favor of Burl and Brenda Hagler ("the Haglers"). We affirm in part and reverse and render in part.

### II. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a disgruntled contractor and his dealings with the homeowners who contracted for his services. Jordan is a general contractor who furnished materials and performed services for the Haglers' at their homestead property in Lakeside City, Texas, including mold remediation and reconstruction work. Following a payment dispute, Jordan filed two "Claims of Lien" (mechanic's liens) on the property. When Jordan refused to remove the liens, the Haglers' responded by filing suit against Jordan alleging shod-

dy work and seeking a declaratory judgment and removal of the liens. Due to defects in the perfection of the liens, the trial court entered an agreed order on the Haglers' motion for summary removal of the invalid liens, thereby removing the liens and prohibiting Jordan from filing further liens or affidavits claiming liens, but allowing Jordan to stay the removal of the liens by posting a $10,000 bond pursuant to section 53.161 of the Texas Property Code. TEX. PROP.CODE ANN. § 53.161 (Vernon Supp.2004–05). No bond was posted and Jordan thereafter filed a lis pendens regarding the property. He also counterclaimed for damages asserting various theories of recovery, including a request that a constructive trust be imposed on the property. The Haglers' moved to cancel the lis pendens pursuant to section 12.008 of the Texas Property Code or under the common law and asked the trial court to sanction Jordan. TEX. PROP.CODE ANN. § 12.008 (Vernon 2004). The Haglers' also filed a motion for partial summary judgment and conditional motion for severance on Jordan's counterclaim. Another lis pendens was filed by Jordan shortly thereafter.

Following a hearing, the trial court issued its "Partial Summary Judgment & Order on Severance" and its "Amended Order on Motion to Cancel Lis Pendens & for Sanctions." The result of the partial summary judgment order was that: (1) Jordan took nothing under his request for a constructive trust, (2) the lis pendens was declared invalid and void and was ordered removed and cancelled, and (3) the Haglers' were awarded attorney's fees under the Uniform Declaratory Judgments Act. The result of the order on the motion requesting cancellation of the lis pendens and for sanctions was that: (1) the lis pendens was removed and declared void and (2) the request for sanctions was held in abeyance. The issues related to the removal of the liens, the lis pendens, the constructive trust, and the award of attorney's fees were severed. This appeal from those issues resulted, but Jordan asserts the appeal only relates to the partial summary judgment and not to the order on the motion to cancel the lis pendens and for sanctions.

### III. STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Knott,* 128 S.W.3d at 216; *Haase v. Glazner,* 62 S.W.3d 795, 797 (Tex.2001).

### IV. CONSTRUCTIVE TRUSTS AND HOMESTEADS

Jordan argues in his first two issues that a special exception, not a motion for summary judgment, was the correct procedural means to attack his assertion of a constructive trust, which he alleges is available to attach to homestead property under these facts.

### A. Special Exception

Normally, a special exception is the proper procedural vehicle to attack a pleading defect. *KSNG Architects, Inc. v. Beasley,* 109 S.W.3d 894, 898 (Tex.App.-Dallas 2003, no pet.). One difference between a special exception and a summary judgment motion is that if a special excep-

tion is sustained, the party with the pleading defect has the opportunity to cure the defect. *See id.* Of course, if the defect cannot be cured, such as when a party asserts a nonexistent cause of action (e.g., negligent infliction of emotional distress), this distinction between the special exception and the summary judgment motion becomes irrelevant. Therefore, here, if a constructive trust is not available to Jordan as a matter of law, any error in the method of attacking the alleged pleading defect is harmless, because that pleading defect cannot be cured.

## B. Constructive Trusts

What, then, is this fictional creature, the "constructive trust"? It is not a trust at all, but rather is an equitable remedy created by our legal system to prevent unjust enrichment, and its purpose is to right wrongs that *cannot be addressed under other legal theories. Medford v. Medford,* 68 S.W.3d 242, 248 (Tex. App.-Fort Worth 2002, no pet.); *Ellisor v. Ellisor,* 630 S.W.2d 746, 748 (Tex.App.-Houston [1st Dist.] 1982, no writ).

## C. Homesteads

A homestead is exempt from seizure for the claims of creditors *except for encumbrances properly fixed on homestead property.* TEX. PROP.CODE ANN. § 41.001(a),(b) (Vernon Supp.2004–05). An encumbrance may be properly fixed on homestead property for "work and material used in constructing improvements on the property if contracted for in writing as provided by Sections 53.254(a), (b), and (c)." *Id.* § 41.001(b)(3). Accordingly, "[t]o fix a *lien* on a homestead, the person who is to furnish material or perform labor and the owner must execute a written contract setting forth the terms of the agreement." *Id.* § 53.254(a) (emphasis added). Sections 53.254(b)-(d) include additional requirements regarding the nature of the contract. *See id.* § 53.254(b)-(d). Read

together, these statutes provide that a lien, not a constructive trust, is the encumbrance that may be placed on a homestead for labor and materials used so long as the person furnishing the material or performing labor executes a written contract with the owner.

## D. Application

It is undisputed that the property in question was a homestead. The gravamen of Jordan's complaint is that he was not properly paid after having furnished labor and materials to perform the Haglers' mold remediation and reconstruction job and that the materials used became permanently affixed to the Haglers' property; hence, the filing of the mechanic's lien that Jordan initially sought to impose on the property. However, the parties agreed to an order removing the liens and prohibiting Jordan from filing further liens or affidavits claiming liens. Alternatively, the order gave Jordan the option of staying removal of the liens by filing a $10,000 bond, which he did not do. As stated above, a constructive trust is an equitable remedy created to prevent unjust enrichment that cannot be remedied by other legal theories; it is not a lien. Jordan's attempt to impose a constructive trust on materials affixed to the Haglers' homestead property runs contrary to the plain language of section 53.254, which details the method by which an encumbrance, a lien, may be fixed on a homestead. The constructive trust is thus outside the parameters of section 41.001 and 53.254 of the property code. Jordan has not favored this court with any authority supporting the proposition that a constructive trust is available against a homestead under these circumstances, nor have we found any such authority. Moreover, these alleged "wrongs" against Jordan can be addressed, and were addressed, by Jordan through

other legal theories. Accordingly, we hold that Jordan is not entitled to a constructive trust as a matter of law. The trial court did not err by granting the Haglers' motion for partial summary judgment in this regard. We overrule Jordan's first and second issues.

## V. Lis Pendens

■ In Jordan's third, fourth, and fifth issues, he argues that summary judgment was not the proper procedural device to attack the filing of his lis pendens[1], that the agreed order regarding filing of liens was not violated by the filing of the lis pendens, and that Jordan's claims are appropriate for a lis pendens filing. We will address only the latter issue, since it is dispositive.

As a preliminary matter, we address the Haglers' contention that because they also sought to remove the lis pendens by way of motion, which was granted, and which grant has *not been appealed,* Jordan's issues regarding the removal of the lis pendens need not be considered. This assertion is incorrect. Jordan specifically states in his brief that "[t]his appeal is brought from the granting of these two sets of motions (Motion to Cancel *Lis Pendens* and Motion for Sanctions[) ] . . . ." Jordan's notice of appeal contains similar language, and his fifth issue addresses the motion, at least in part. Therefore, we will address Jordan's lis pendens argument.

■ The lis pendens statute gives litigants a method to constructively notify anyone taking an interest in real property that a claim is being litigated against the property. *In re Collins,* 172 S.W.3d 287, 292 (Tex.App.-Fort Worth, 2005, orig. proceeding). A party may file a lis pendens during the pendency of an action involving (1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property. Tex. Prop.Code Ann. § 12.007(a). The suit on which the lis pendens is based must claim a direct interest in the real property, not a collateral one. *See In re Fitzmaurice,* 141 S.W.3d 802, 805 (Tex.App.-Beaumont 2004, orig. proceeding).

In the instant case, Jordan argues that he has given notice of an interest in the Haglers' property pursuant to section 12.007 because the materials he purchased and used to perform the remediation and reconstruction work on their property are not removable (at least not without causing significant damage) and have become "one with the real property." Jordan argues, "[a] review of Jordan's pleadings shows that Jordan did not seek a lien to recover a judgment, but instead sought a constructive trust establishing his title in part to the real property which his property additions had improved." Specifically, Jordan claims an ownership interest in the property "in a percentage bearing a direct relationship to the value that the materials he permanently affixed at the request of Counter–Defendants bears to the value of the premises as a whole." Consequently,

---

1. If a lis pendens does not fall under the ambit of section 12.007 of the property code (which sets forth the requirements of a lis pendens), then the opposing party is not required to comply with section 12.008 (which provides the prescribed statutory methods for canceling a lis pendens) in order to "nullify, remove, or cancel the notice." *Helmsley–Spear of Tex., Inc. v. Blanton,* 699 S.W.2d 643, 645 (Tex.App.-Houston [14th Dist.] 1985), orig. proceeding); *see also Hughes v. Houston Nw. Med. Ctr.,* 647 S.W.2d 5, 7 (Tex.App.-Houston [1st Dist.] 1982, writ dism'("In an appropriate case a court may order the cancellation of a lis pendens notice where it is established that the party filing such notice has not complied with the provisions of [the statute]."). In such a case, the lis pendens may be attacked by other means, such as a motion to quash.

Jordan contends that the Haglers' have been unjustly enriched by the addition of the materials to their property.

Under the particular facts of this case, however, we recognize that the only means by which Jordan could have asserted an interest in the property was by obtaining a mechanic's lien. As mentioned above, the trial court entered an agreed order which removed all liens and prohibited Jordan from filing any further liens. Thus, Jordan could not assert an interest in the Haglers' property by way of a lien, and we have held that a constructive trust was unavailable to Jordan as a matter of law. As such, under these circumstances, the lis pendens is merely an attempt to circumvent the trial court's agreed order prohibiting Jordan from filing any further liens against the Haglers' property. Accordingly, the lis pendens is voidable and capable of being cancelled by the trial court because it gives notice of claim that is unavailable to Jordan. Moreover, we disagree that Jordan's suit claims a direct interest in the property. Jordan does not seek to recover title to the Haglers' property; he appears to claim an ownership interest in the property only as security for the recovery of damages he may be awarded on his fraud, misrepresentation, and breach of contract claims. This "is no more than a collateral interest in the property," and the lis pendens is therefore void. *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex.1995) (orig.proceeding); *see also Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex.App.-Houston [14th Dist.] 1986, orig. proceeding) (holding that suit seeking lien as security to recover damages affected property collaterally, not directly); *Blanton*, 699 S.W.2d at 645 (same). We hold that the trial court did not err by declaring in its partial summary judgment and severance order that the lis pendens filed by Jordan was invalid and void. Accordingly, we overrule Jordan's third, fourth, and fifth issues.

## VI. ATTORNEY'S FEES

In his sixth issue, Jordan argues that there is no legal basis to support the trial court's award of attorney's fees to the Haglers' pursuant to sections 37.004 and 37.009 of the civil practice and remedies code, part of the Uniform Declaratory Judgments Act ("UDJA"). The Haglers' contend that the trial court properly awarded the attorney's fees because the lis pendens is a writing or instrument within the meaning of section 37.004.

Section 37.009 of the civil practice and remedies code provides, "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997). Section 37.004, which describes a "proceeding under this chapter," reads,

[a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

*Id.* § 37.004(a).

The Haglers' contend that they are entitled to attorney's fees under the UDJA because the lis pendens "is a writing and instrument within the meaning of [section] 37.004." We disagree. A lis pendens is not a "deed, will, written contract, or other writing constituting a contract." *Id.* These are the only writings or instruments for which declaratory relief—and accompanying attorney's fees—are available under

section 37.004. Therefore, we hold that the trial court erred by awarding the Haglers' attorney's fees pursuant to chapter 37 of the civil practice and remedies code. Accordingly, we sustain Jordan's sixth issue.

## VII. CONCLUSION

The judgment of the trial court is affirmed, except as to the award of attorney's fees, which portion of the judgment is reversed and rendered that the Haglers' take nothing by way of their claim for attorney's fees under the UDJA.