Affirmed and Memorandum Opinion filed August 15, 2006








Affirmed and Memorandum Opinion filed August 15, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00666-CV

____________

 

RALPH O=HARA DOUGLAS, Appellant

 

V.

 

ELISE SELMA INGERSOLL, Appellee

 



 

On Appeal from the 257th
District Court

Harris County, Texas

Trial Court Cause No. 00-42726

 



 

M E M O R A N D U M  O P I N I O N

Ralph O=Hara Douglas files this pro se appeal from
the trial court=s judgment in favor of his former wife,
Elise Selma Ingersoll, enforcing their divorce decree=s division of
property.  We affirm.

Background








Douglas and Ingersoll were divorced on May 29, 2001.  In
the divorce, Ingersoll was awarded the subject property located on Ruth Street
in Houston, Texas.  Douglas unsuccessfully attempted to attack the final
divorce decree by filing a bill of review, claiming he did not receive a copy
of the final divorce decree.[1] 
He, also unsuccessfully, filed a breach of contract claim against Ingersoll in
February of 2003.  The trial court granted summary judgment in favor of
Ingersoll in the breach of contract suit, and Douglas= appeal from that
judgment was dismissed for want of prosecution in February of 2004.[2] 
On March 23, 2005, Douglas filed a lis pendens on the subject Ruth Street
property.  Ingersoll then filed this suit to enforce the trial court=s division of
property and to remove the lis pendens.  Douglas was incarcerated when he
answered Ingersoll=s suit to enforce.[3] 
Douglas appeals the following order issued by the trial court:

On June 16, 2005, Petitioner=s (ELISE INGERSOLL) prayer for relief was heard by this
Court.  The Court finds that it is just and right to order the enforcement of
the division of property in the following way:

THE COURT FINDS that, pursuant to the division of property order in the
original decree of divorce, ELISE INGERSOLL, is the sole owner of the property
located at . . . Ruth [Street], Houston Texas.

THE COURT FINDS that RALPH O=HAHRA [sic] DOUGLAS has engaged in the harassment of MS.
INGERSOLL by placing a Lis Pendens on the property described above.








IT IS FURTHER ORDERED that Ralph O=HARA DOUGLAS remove the Lis Pendens on the subject property
and end any further legal actions, which will encumber this property, cloud its
title, or prevent MS. INGERSOLL from full enjoyment of it.

IT IS FURTHER ORDERED that RALPH O=HARA DOUGLAS has been censured by this court for the filing
of frivolous claims regarding this property.

IT IS FURTHER ORDERED that PROTECTIVE ORDERS are appropriate in the
interest of MS. INGERSOLL=S physical, mental, and emotional
well being.

IT IS FURTHER ORDERED that RALPH O=HARA DOUGLAS make no attempt to contact MS. INGERSOLL by
telephone calls, cellular calls, email or internet transmission, regular US
Mail, mailgrams, through friends, family members, business acquaintances, or by
any other means at her residence or at the workplace.

IT IS FURTHER ORDERED that RALPH O=HARA DOUGLAS provide MS. INGERSOLL with credit information
and transaction details concerning the construction lien on the subject
property in the amount of $35,000 held by Nations Bank by August 1, 2005.

IT IS FURTHER ORDERED that RALPH O=HARA DOUGLAS give
permission and allow Nations Bank officials/officers to communicate with MS.
INGERSOLL on this matter in order to resolve the cloud on the title of this
property.

Issues Presented

Douglas, acting pro se, raises eight issues:

(1)     the trial court abused its discretion by
granting appellee=s cause,

(2)     the trial court erred in granting appellee=s cause, 

(3)     there is legally and factually insufficient
evidence that he harassed Ingersoll by his filing a lis pendens on the
property,

(4)     there is legally and factually insufficient
evidence he filed a frivolous claim regarding the property, 

(5)     there is legally and factually insufficient
evidence that a protective order should be granted, 

(6)     there is legally and factually insufficient
evidence that Ingersoll is the sole owner of the Ruth Street property, 








(7)     there is legally and factually insufficient
evidence that he must remove the lis pendens and end any further legal action
encumbering or clouding title to this property or preventing appellee=s full enjoyment of this property,
and 

(8)     Athere is no
evidence to support appellee=s claims.@

We address his issues together and out of turn, just as he
has argued them to this court.

Applicable Law

A party affected by the property division of a prior decree
of divorce may file suit to enforce that division in the court that rendered
the decree, even after that court=s plenary power
over the divorce has expired.  Tex. Fam.
Code Ann. ' 9.001(a), ' 9.002 (Vernon
1998).  A suit to enforce is governed by the Texas Family Code and the Texas
Rules of Civil Procedure applicable to original lawsuits.  Id. ' 9.001(b).  In a
suit to enforce, the court may render further orders to implement or clarify
its prior division of property.  Id. ' 9.006(a).  The
court may not amend, modify, or change its prior order.  Id. ' 9.007(a); Brown
v. Fullenweider, 52 S.W.3d 169, 170B71 (Tex. 2001)
(stating purpose of suit to enforce is Ato provide an
expeditious procedure for enforcing and clarifying property divisions in
divorce decrees.@).  Therefore, the procedure for a suit to
enforce that is set up in the Family CodeCincluding the
denial of a party=s right to demand a jury trialCshows that a suit
to enforce should not involve Aany issues other than those related to the
division of a marital estate.@  Tex.
Fam. Code Ann. ' 9.005; see Brown, 52 S.W.3d at 171
(finding an attorney=s claim against his client for fees is not
an appropriate issue in a Texas Family Code suit to enforce).

Douglas= Attempt to Attack
the Original Divorce Decree=s Property
Division

Douglas argues the trial court divested him of his separate
property in the divorce decree, and the trial court=s subsequent
enforcement of that decree violates his property rights under the Texas
Constitution.  Tex. Const. art.
XVI, ' 15.  Because he
does not identify which of his eight issues he applies this argument to, we discuss
it separately.








Ingersoll filed her suit to enforce in the same court that
heard her divorce case, and that court had the authority to enforce its prior
decree.  Tex. Fam. Code Ann. ' 9.002.  The trial
court had no power to modify or amend its prior decree.  Id. ' 9.007. 
Furthermore, divorce judgments are not vulnerable to collateral attack.  Berry
v. Berry, 786 S.W.2d 672, 673 (Tex. 1990) (per curiam).  Because the trial
court had no authority to alter its prior order, Douglas= challenge to the
decree=s property
division was as misplaced in his answer to Ingersoll=s suit to enforce
as it is in this appeal.  See Christensen v. Christensen, No.
04-03-00095-CV, 2003 WL 22897120, at *1 (Tex. App.CSan Antonio Dec.
10, 2003, pet. denied) (not designated for publication) (finding appellate
court had no jurisdiction to consider many challenges to nature of property
division in agreed final decree of divorce when appeal was from order enforcing
original property division by appointing a master in chancery).[4] 
To the extent this argument applies to any of Douglas= enumerated
issues, it is overruled.

Douglas= Evidentiary
Arguments








The trial court, as the court that rendered the original
divorce decree, may take judicial notice of its own records in a case involving
the same subject matter between the same parties.  Paradigm Oil, Inc. v.
Retamco Operating, Inc., 161 S.W.3d 531, 539-40 (Tex. App._San Antonio 2004,
pet. denied).  The filing of the lis pendens is a matter of public record and
is subject to judicial notice.  Ponder v. Brice & Mankoff, 889
S.W.2d 637, 645 n.3 (Tex. App.CHouston [14th Dist.] 1994, writ denied). 
In addition, this court may, on its own, take judicial notice for the first
time on appeal of adjudicative facts that are Acapable of
accurate and ready determination by resort to sources whose accuracy cannot be
questioned.@  Tex. R. Evid. 201(c), (f); Office of Pub. Util.
Counsel v. Pub. Util. Comm=n of Tex., 878 S.W.2d 598,
600 (Tex. 1994); Ponder, 889 S.W.2d at 645 n.3.  Furthermore, a
frivolous claim is, inter alia, one without any arguable basis in law or fact. 
See Harrison v. Tex. Dept. of Criminal Justice, Inst. Div., 164
S.W.3d 871, 874 (Tex. App._Corpus Christi 2005, no pet.) (discussing
dismissal of inmate=s suit as frivolous).

The trial court was able to take judicial notice of its
prior award of property, that Douglas filed the lis pendens,[5]
and of each of Douglas= several attempts_by filing claims,
appeals, and writs of mandamus_to circumvent the trial court=s property award,
including Douglas= breach of contract claim against
Ingersoll.  We therefore find sufficient evidence supports the trial court=s findings and
orders:

(1)     that Douglas
harassed Ingersoll by filing a lis pendens on property, especially when he did
so more than a year after the suit he alleged allowed the lis pendens had been
dismissed on appeal for want of prosecution (Douglas= third issue),

(2)     that Douglas
filed frivolous claims regarding the property (Douglas= fourth issue),

(3)     that Ingersoll
is the property=s sole owner Apursuant to the division of
property order in the original decree of divorce@ (Douglas= sixth issue), and

(4)     that Douglas must remove the lis pendens and end
any further legal actions encumbering the property (Douglas= seventh issue).








We overrule
Douglas= third, fourth,
sixth, and seventh issues.

In Douglas= fifth issue, he
argues there is insufficient evidence to support the trial court=s entry of a
protective order barring him from contacting Ingersoll.[6] 
A trial court is afforded broad discretion in assessing sanctions against
parties who make groundless or false statements in their signed pleadings to
the trial court for the purpose of delay or harassment.  Tex. R. Civ. P. 13.  We review a
sanction order for an abuse of discretion, that is, whether the trial court
acted without reference to any guiding rules or principles.  Bradt v. Sebek,
14 S.W.3d 756, 760-61 (Tex. App._Hous. [1st Dist.] 2000, pet.
denied).  The trial court=s discretion is limited only by the
requirement that its order be just and that the sanction imposed be directly
related to the harm done by the sanctioned conduct.  Id.  As we have
already discussed, the trial court properly found Douglas harassed Ingersoll by
filing the lis pendens, and that Douglas filed frivolous claims regarding the
property.  The court was well aware of the history between these two parties
and of Douglas= numerous groundless attempts to attack its prior
order.  The court, therefore, issued a sanction order barring further contact
with Ingersoll following the June 16, 2005 hearing.  While this type of
sanction is unusual, we cannot, on this record, find that it is unjust or not
related to the harm done by Douglas= conduct.  The
trial court did not abuse its discretion, and we overrule Douglas= fifth issue.

In light of our
rulings on Douglas= issues three, four, five, six and seven,
we overrule Douglas= general issues one, two and eight, which
are encompassed within the specific issues already discussed.

 

 

 








We affirm the
trial court=s judgment.

 

 

 

 

_____________________________

Margaret Garner Mirabal

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 15, 2006.

Panel consists of
Justices Fowler, Seymore, and Senior Justice Margaret Garner Mirabal (sitting
by assignment).

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]    See In re Douglas, Nos.
01-03-00243-CV and 01-03-00442-CV, 2003 WL 21026783 (Tex. App.CHouston [1st Dist.] May 8, 2003, orig. proceeding)
(per curiam) (not designated for publication) (denying Douglas= writ of mandamus seeking to force trial judge to
allow appeal of final divorce decree and to rule on motion for bill of review
when nothing in record established trial judge obstructed appeal or that
Douglas filed a bill of review within time period of trial court=s plenary power; also dismissing Douglas= second writ of mandamus against district clerk for
failure to notify Douglas of final divorce decree for lack of jurisdiction); In
re Douglas, No. 01-02-01144-CV, 2002 WL 31839233 (Tex. App.CHouston [1st Dist.] Dec. 19, 2002, orig. proceeding)
(per curiam) (not designated for publication) (denying mandamus complaining
trial court failed to rule on bill of review when Douglas failed to pay
original filing fee, filed no affidavit of indigence, and provided no record to
the appellate court containing a certified or sworn copy of every document
material to his claim).

 





[2]    See Douglas v. Ingersoll, No.
01-03-00996-CV, 2004 WL 224592 (Tex. App.CHouston
[1st Dist.] Feb. 3, 2004, no pet.) (per curiam) (not designated for
publication) (dismissing Douglas=
appeal for want of prosecution after finding Douglas did not establish indigence
or pay for preparation of clerk=s record).

 





[3]    See Douglas v. State, No. 14-00-01226-CR,
2002 WL 1988163, at *1 (Tex. App.CHouston
[14th Dist.] Aug. 29, 2002, pet. ref=d)
(stating Douglas was convicted of theft of between $100,000 and $200,000 by
unlawfully appropriating four tracts of real property).  Douglas filed a writ
of habeas corpus from his criminal conviction that was dismissed in 2005.  Douglas
v. Dretke, No. CIV.A.H.-05-0851, 2005 WL 2792384 (S.D. Tex. Oct. 26, 2005).





[4]    Douglas also argues the trial court could not
enforce the divorce decree while a separate cause of action was pending on
appeal.  A court=s power to render further orders enforcing its prior
property division is abated while an appellate proceeding is pending.  Tex. Fam. Code Ann. ' 9.007(c).  Douglas=
argument fails because the appeal he refers to was not an appeal of the divorce
and was not pending on appeal when he filed the lis pendens in March of 2005,
therefore forcing Ingersoll to file a suit to enforce.  See Douglas v.
Ingersoll, No. 01-03-00996-CV, 2004 WL 224592 (Tex. App.CHouston [1st Dist.] Feb. 3, 2004, orig. proceeding)
(per curiam) (not designated for publication) (dismissing Douglas= appeal from trial court cause number 200308517 on
February 3, 2004 for want of prosecution).

 





[5]    Douglas does not contest the fact that he filed
the lis pendens.  On the contrary, he mentioned the Alis pendens filed on cause no. 200308517@ in his answer to Ingersoll=s enforcement suit (referring to the trial court cause
number in his breach of contract action against Ingersoll).  This operates as a
judicial admission.  See Aranda v. Ins. Co. of N. Am., 833 S.W.2d
209, 218 (Tex. App.CHouston [14th Dist.] 1992, no writ) (stating Texas law
is well settled that pleadings containing statements inconsistent with a party=s present position are receivable as admissions); Gevinson
v. Manhattan Constr. Co. of Okla., 449 S.W.2d 458, 466 (Tex. 1969) (stating
judicial admissions relieve adverse party from proving the fact admitted and
bar the person who made the admission from later disputing that fact). 
Furthermore, in his brief to this court, Douglas freely admits he filed the lis
pendens on the Aquestioned property@ on
March 23, 2005.  We may accept this uncontested fact as true.  Tex. R. App. P. 38.1(f).

 

Douglas filed the lis pendens after his breach of
contract suit was dismissed on appeal for want of prosecution, outside the
ambit of Texas statutory provisions.  Tex.
Prop. Code. ' 12.007 (Vernon 2003).  Ingersoll, therefore, was not
obligated to comply with the prescribed statutory methods for canceling the lis
pendens.  See, e.g., Jordan v. Hagler, 179 S.W.3d 217, 221 (Tex. App._Fort Worth 2005, no pet.)
(declaring lis pendens voidable and capable of cancellation by trial court
because it gave notice of a claim unavailable to party who sought collateral,
rather than direct, interest in real property).

 





[6]   Douglas contends Ingersoll did not follow proper
procedure in obtaining a family violence protective order.  However, this is
not a family violence protective order_Ingersoll never alleged, and the trial court made no finding, that
Douglas ever committed or threatened to commit family violence.  Tex. Fam. Code Ann. '' 81.001, 85.001 (Vernon 2002).