COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-302-CV

BAKER BOULEVARD PARTNERS, LTD. APPELLANT

V.

JEROME A. SPARKS APPELLEES

AND CINDY R. SPARKS 

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Baker Boulevard Partners, Ltd. appeals the trial court’s judgment rendered in favor of Jerome A. and Cindy R. Sparks.  In its sole point, Baker complains that the trial court erroneously denied Baker’s request for attorney’s fees under the Declaratory Judgments Act.  We affirm.

The Sparkses were plaintiffs below.  They (1) sought a declaratory judgment that J.D. Durhum Companies, Inc.
(footnote: 2) was the owner of certain real property known as the “Faith Creek” property, which had been transferred to Baker, and (2) asserted a claim for damages against Baker and Durham for violations of the Fraudulent Transfer Act.
(footnote: 3)  While these claims were pending, Baker sought a temporary restraining order and injunctive relief requiring the Sparkses to cancel a notice of lis pendens they had filed against the Faith Creek property.  The trial court never ruled on Baker’s request to cancel the notice of lis pendens.  Instead, the parties entered into an agreement under which Baker placed $105,000 in the registry of the court in exchange for the Sparkses’ release of the lis pendens. 

Thereafter, the Sparkses’ claims were tried to the court.  The court denied the Sparkses’ claim for declaratory relief against Durham but ruled in their favor on their fraudulent transfer claim against Baker.  The trial court rendered judgment that the Sparkses recover from Baker $14,500 in damages, plus interest and $32,264.22 in attorney’s fees under the Fraudulent Transfer Act.

Baker does not appeal these rulings.  Instead, Baker argues that the trial court improperly denied its claim for attorney’s fees under the Declaratory Judgments Act because Baker was a successful defendant under the Act.
(footnote: 4) Baker did not defend against the Sparkses’ declaratory judgment claim, however, because that claim was asserted only against Durham.  Thus, although the trial court found against the Sparkses on their declaratory judgment claim, Durham, not Baker, was the prevailing party on that claim.  Further, although Baker obtained cancellation of the lis pendens pursuant to the parties’ agreement, a party who obtains the cancellation of a lis pendens
(footnote: 5) is not entitled to attorney’s fees under the Declaratory Judgments Act.
(footnote: 6)
 For these reasons, we hold that the trial court did not abuse its discretion by denying Baker’s request for attorney’s fees.  We overrule Baker’s issue and affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  August 29, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although Durham was a defendant below, it did not appeal the trial court’s judgment and is not a party to this appeal.  
See
 
Tex. R. App. P.
 25.1(c) (“A party who seeks to alter a trial court’s judgment . . . must file a notice of appeal.”); 
Lubbock County, Tex. v. Trammel’s Lubbock Bail Bonds,
 80 S.W.3d 580, 584 (Tex. 2002) (holding same).

3:
See
 
Tex. Bus. & Com. Code Ann.
 §§ 24.005–.006 (Vernon 2002).

4:
In a declaratory judgment proceeding, the trial court has the discretion to award costs and reasonable and necessary attorney’s fees as are equitable and just.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.009 (Vernon 1997); 
Oake v. Collin County,
 692 S.W.2d 454, 455 (Tex. 1985).  This includes the discretion to award or deny attorney’s fees to either the prevailing or the nonprevailing party.  
See J.C. Penney Life Ins. Co. v. Heinrich,
 32 S.W.3d 280, 290 (Tex. App.—San Antonio 2000, pet. denied); 
Sharp v. Hobart Corp.,
 957 S.W.2d 650, 654 (Tex. App.—Austin 1997, no pet.).

5:
See
 
Tex. Prop. Code Ann.
 § 12.008 (Vernon 2004).

6:
Jordan v. Hagler,
 179 S.W.3d 217, 222 (Tex. App.—Fort Worth 2005, no pet.) (holding same).