COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-302-CV

 

 

BAKER BOULEVARD PARTNERS, LTD.                                    APPELLANT

 

                                                   V.

 

JEROME A. SPARKS                                                             APPELLEES

AND CINDY R. SPARKS                                                                        

 

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Baker Boulevard Partners,
Ltd. appeals the trial court=s judgment rendered in favor of Jerome A. and Cindy R. Sparks.  In its sole point, Baker complains that the
trial court erroneously denied Baker=s request for attorney=s fees under the Declaratory Judgments Act.  We affirm.

 








The Sparkses were plaintiffs
below.  They (1) sought a declaratory
judgment that J.D. Durhum Companies, Inc.[2]
was the owner of certain real property known as the AFaith Creek@ property,
which had been transferred to Baker, and (2) asserted a claim for damages
against Baker and Durham for violations of the Fraudulent Transfer Act.[3]  While these claims were pending, Baker sought
a temporary restraining order and injunctive relief requiring the Sparkses to
cancel a notice of lis pendens they had filed against the Faith Creek
property.  The trial court never ruled on
Baker=s request to cancel the notice of lis pendens.  Instead, the parties entered into an
agreement under which Baker placed $105,000 in the registry of the court in
exchange for the Sparkses= release of
the lis pendens. 








Thereafter, the Sparkses= claims were tried to the court. 
The court denied the Sparkses= claim for declaratory relief against Durham but ruled in their favor
on their fraudulent transfer claim against Baker.  The trial court rendered judgment that the
Sparkses recover from Baker $14,500 in damages, plus interest and $32,264.22 in
attorney=s fees under the Fraudulent Transfer Act.

Baker does not appeal these
rulings.  Instead, Baker argues that the
trial court improperly denied its claim for attorney=s fees under the Declaratory Judgments Act because Baker was a
successful defendant under the Act.[4]
Baker did not defend against the Sparkses= declaratory judgment claim, however, because that claim was asserted
only against Durham.  Thus, although the
trial court found against the Sparkses on their declaratory judgment claim,
Durham, not Baker, was the prevailing party on that claim.  Further, although Baker obtained cancellation
of the lis pendens pursuant to the parties= agreement, a party who obtains the cancellation of a lis pendens[5]
is not entitled to attorney=s fees under the Declaratory Judgments Act.[6]








For these reasons, we hold
that the trial court did not abuse its discretion by denying Baker=s request for attorney=s fees.  We overrule Baker=s issue and affirm the trial court=s judgment.

 

PER CURIAM

PANEL F: 
CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
August 29, 2007      











[1]See Tex. R. App. P. 47.4.





[2]Although
Durham was a defendant below, it did not appeal the trial court=s
judgment and is not a party to this appeal. 
See Tex. R. App. P.
25.1(c) (AA
party who seeks to alter a trial court=s judgment . . . must file a
notice of appeal.@); Lubbock
County, Tex. v. Trammel=s Lubbock Bail Bonds, 80
S.W.3d 580, 584 (Tex. 2002) (holding same).





[3]See Tex. Bus. & Com. Code Ann. ''
24.005B.006
(Vernon 2002).





[4]In a
declaratory judgment proceeding, the trial court has the discretion to award
costs and reasonable and necessary attorney=s fees as are equitable and
just.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997); Oake
v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985).  This includes the discretion to award or deny
attorney=s
fees to either the prevailing or the nonprevailing party.  See J.C. Penney Life Ins. Co. v. Heinrich,
32 S.W.3d 280, 290 (Tex. App.CSan Antonio 2000, pet.
denied); Sharp v. Hobart Corp., 957 S.W.2d 650, 654 (Tex. App.CAustin
1997, no pet.).





[5]See Tex. Prop. Code Ann. '
12.008 (Vernon 2004).





[6]Jordan
v. Hagler, 179 S.W.3d 217, 222 (Tex. App.CFort
Worth 2005, no pet.) (holding same).