

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00061-CV

_____

DAVID P. MANIATIS, Appellant

V.

SLF IV - 114 ASSEMBLAGE, L.P., Appellee

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 17-5046-362

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

David P. Maniatis appeals a final summary judgment that quashed his notice of lis pendens and quieted title in a 382.4384-acre tract of land adjacent to and north of State Highway 114 in Denton County, Texas (the Property), in favor of SLF IV-114 Assemblage, L.P. (SLF).[1] Because Maniatis admits (1) that he had no interest in the Property and (2) that SLF purchased and acquired title to the Property, we affirm the trial court's judgment.

## I.      Factual Background

In 2007, Maniatis, as president of Eladio Properties, LLLP (Eladio), and Aperion Communities, LLLP (Aperion), secured $10,030,000.00 in loans from third-party lenders, IMH Special Assent NT 168, LLC, and IMH Special Assent NT 161, LLC (collectively the Lenders). *See IMH Special Asset NT 168, LLC v. Aperion Cmtys., LLLP*, Nos. 1 CA-CV 13-0131, 1 CA-CV 14-0432, 1 CA-CV 15-0182, 1 CA-CV 15-0413, 1 CA-CV 15-0474, 1 CA-CV 15-0475, 1 CA-CV 15-0514, 1 CA-CV 15-01615, 2016 WL 7439001, at *1 (Ariz. Ct. App. Dec. 27, 2016, pets. denied) (mem. decision). In doing so, Maniatis executed a promissory note secured by a deed of trust on real property in Texas and personally guaranteed payment under the note. On default, the Lenders instituted trustee's sales of the various Texas properties not at issue here (Trust Properties) and sued in the Arizona Superior Court in Maricopa County (Arizona Court) to obtain a deficiency judgment against Aperion, Eladio, and Maniatis, individually, among others. *Id.* In 2012, the Arizona Court entered summary judgment for the Lenders, issued a finding on the fair-market

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

value of the foreclosed trust properties, determined the amount of the deficiency as a matter of law, and rendered a deficiency judgment totaling $6,449,026.06. *Id.* at *2–3.

The Property at issue in this case was acquired by SLF as a result of post-judgment collection proceedings. During that time, the Arizona Court appointed Keith Bierman as post-judgment receiver to take possession and control of property "owned or controlled in whole or in part by Mr. Maniatis" in satisfaction of the Arizona judgment. Maniatis owned and controlled Seagoville Investments, LLLP (Seagoville), and Drooy Properties, LLLP (Drooy). Bierman and the Lenders filed a joint motion designed to package several parcels of land comprising the Property into one large sales transaction to obtain a higher price for the Property. First, they moved the Arizona Court to authorize Bierman to consummate the sale of lands owned by Seagoville to The Equitable Real Estate Company, LLC, (Equitable), a company owned by John Vatisas, because Equitable had independently agreed to sell the property to one of the Lenders. Second, the motion asked the Arizona Court to approve Bierman's exercise of an option agreement between Drooy and Colt Communications, LLC, to purchase land so it could be included in the sale of the Property. Third, the motion asked the Arizona Court to allow Bierman to act on behalf of Seagoville and Drooy.

In separate orders entered on February 3 and 4, 2014, the Arizona Court granted the motion in its entirety, approved the proposed Seagoville sale and Drooy purchase free and clear of Maniatis' claims, authorized Bierman to act on behalf of Seagoville and Drooy to consummate the transactions, and also authorized him to sell Texas land owned by Drooy and Seagoville without

3

further order from the Arizona Court.[2]  As a result, as to land comprising the Property, (1) Equitable acquired and sold to Lenders' related entity, IMH TX 309 LLC, a 310.43-acre parcel, (2) Drooy exercised its option over a 31.01-acre and 30.00-acre tract, and (3) Seagoville conveyed to the Lenders' related entity, IMH EQ Two LLC, a .0944-acre, a 5.814-acre, and a 6.090-acre tract of land.

On May 22, 2014, Bierman and the Lenders consummated a separate sale of the property to SLF.  On that date, SLF obtained warranty deeds from (1) IMH TX 309 LLC for 310.46 acres, (2) Drooy for 61.01-acres of the Property, and (3) IMH EQ Two LLC for 11.9984 acres.

The Arizona Court's judgment was appealed.  In 2016, the appellate court determined that, while the Arizona Court correctly entered summary judgment for Lenders on the fact of default, the Lenders were not entitled to summary judgment on their claimed default balances because there was a genuine issue of material fact as to whether the Lenders had waived late fees and default interest. *Id.* at *1.  As a result, the appellate court vacated the deficiency judgment and remanded the case to the Arizona Court for further proceedings on the amount of deficiency owed. *Id.*  In doing so, it noted that, "even if the lenders do not prove their claimed deficiency balances upon remand, substantial deficiency balances will still exist even under [Aperion, Eladio, and Maniatis'] version of the facts," and "the lenders' judgment-collection efforts must be considered as they apply to those undisputed amounts." *Id.* at *6.

---

[2]On February 5, the Lenders filed a petition in the Denton County District Court to enforce the Arizona Court's order appointing Bierman.

On March 9, 2017, Maniatis filed a notice of lis pendens on the Property. The notice listed the remanded Arizona Court case and asserted that Bierman's right to take control of and sell the Property was "one of the issues to be determined in the case." SLF sued Maniatis to quash the notice of lis pendens and quiet title in its favor, among other things.[3] After determining that Maniatis never had any ownership interest in the Property, SLF moved for summary judgment, attaching the deeds showing its ownership rights.

While the summary judgment was pending, SLF also sought to intervene in the Arizona Court case. In denying SLF's petition in intervention, the Arizona Court determined, "[T]here is no action pending before this Court that might be disposed of in a manner that impairs or impedes an interest held by SLF." While the Arizona Court acknowledged that "SLF is a third-party that purchased certain real property, in Texas, in a transaction governed by [the Arizona] Court's Receivership related Orders," it found that "the receivership orders were not the subject of the appeal or addressed by the Court of Appeals in the Memorandum Decision."

After SLF supplemented its summary judgment evidence with the Arizona Court's ruling, Maniatis, purporting to be an authorized agent of Drooy, Seagoville, and Equitable (collectively the Intervenors), filed a notice of lis pendens on the Property and a petition in intervention for trespass to try title and slander of title, among other claims. SLF argued that Maniatis' interest in the Intervenors was sold to IMH Financial Corporation in 2014 and 2015 and filed a motion requiring Maniatis to show his capacity to act on behalf of the Intervenors.

---

[3]In addition to the statutory remedy for cancelling a lis pendens, a plaintiff can request that the notice be quashed by seeking "an appropriate order from a trial court." *Cty. Inv., LP v. Royal W. Inv., LLC*, 513 S.W.3d 575, 579 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see* TEX. PROP. CODE ANN. § 12.008 (West 2014).

After reviewing SLF's documentation showing the assumption of Maniatis' interest in the Intervenors by IMH Financial Corporation and the Arizona Court's finding that Maniatis did "not own Seagoville or Drooy, in any capacity," the trial court granted SLF's motion and struck the petition in intervention. The trial court also expunged the notices of lis pendens purportedly executed by the Intervenors. These rulings are not the subject of this appeal.

In both his response to the motion for summary judgment and his attached affidavit, Maniatis admitted that the Property was sold to SLF.[4] Even so, he claimed that Bierman had no authority to sell the Property because of the Arizona remand and Section 64.003 of the Texas Civil Practice and Remedies Code, which states, "A court outside this state may not appoint a receiver for . . . property located in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 64.003(2) (West 2008). In response, SLF argued that (1) the deed from Equitable to IMH TX 309 LLC was executed by Vatistas, the Manager of Equitable, (2) the Arizona Court did not appoint Bierman as receiver over the Property, but instead appointed him receiver over Seagoville and Drooy, both Arizona entities, and (3) Seagoville and Drooy conveyed the remaining Property, not Bierman, as he was exercising his authority to act on behalf of those entities. After reviewing the summary judgment

---

[4]Maniatis argues that SLF lacked standing to bring its suit to quiet title to the Property. "[S]tanding is a component of subject[-]matter jurisdiction and cannot be waived." *McAllen Med. Ctr, Inc. v. Cortez*, 66 S.W.3d 227, 238 (Tex. 2001). A plaintiff has standing in a suit to quiet title if he is "the holder of the feeblest equity" and may use the action "to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Lance v. Robinson*, 543 S.W.3d 723, 739 (Tex. 2018) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)); *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 567 (Tex. App.—Amarillo 2013, pet. denied). Because it is undisputed that SLF purchased and obtained deeds to the Property, it had standing to quiet title in its name.

6

evidence, the trial court entered a final judgment quashing Maniatis' notice of lis pendens and quieting title in SLF's name. Appearing pro se, Maniatis appeals.[5]

## II. Standard of Review

"We review a summary judgment de novo." *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

## III. The Trial Court Properly Quashed the Notice of Lis Pendens

Section 12.007 of the Texas Property Code states, in relevant part,

> [D]uring the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance

---

[5]In support of his arguments, Maniatis cites documents not part of our appellate record. We may not consider them. *Champion v. Robinson*, 392 S.W.3d 118, 124 n.7 (Tex. App.—Texarkana 2012, pet. denied) (citing *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied).

against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

TEX. PROP. CODE ANN. § 12.007(a) (West 2014). "A notice of lis pendens broadcasts 'to the world' the existence of ongoing litigation regarding ownership of the property." *Sommers for Alabama & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017) (quoting TEX. PROP. CODE ANN. § 13.004(b)). "When the notice is properly filed, even a subsequent purchaser for value does not take the property free and clear." *Id.*

Under Section 12.007, the critical requirement is that the pending action involve "(1) title to real property, (2) the establishment of an interest in real property, or (3) the enforcement of an encumbrance against real property." *Jordan v. Hagler*, 179 S.W.3d 217, 221 (Tex. App.—Fort Worth 2005, no pet.) (citing TEX. PROP. CODE ANN. § 12.007(a)). To satisfy this requirement, "the suit on which the lis pendens is based must claim a direct interest in real property, not a collateral one." *In re Collins*, 172 S.W.3d 287, 293 (Tex. App.—Fort Worth 2005, orig. proceeding); *see Long Beach Mortg. Co. v. Evans*, 284 S.W.3d 406, 414 (Tex. App.—Dallas 2009, pet. denied) (citing *In re Wolf*, 65 S.W.3d 804, 805 (Tex. App.—Beaumont 2002, orig. proceeding) (per curiam)); *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied); *Jordan*, 179 S.W.3d at 221. "In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit." *Collins*, 172 S.W.3d at 293; *see Long Beach Mortg.*, 284 S.W.3d at 414 (citing *In re Fitzmaurice*, 141 S.W.3d 802, 805 (Tex. App.—Beaumont 2004, orig. proceeding); *Wolf*, 65 S.W.3d at 806 ("both stating an 'adequate nexus' must exist between the claim and the subject property")); *see also Flores v. Haberman*, 915

8

S.W.2d 477, 478 (Tex. 1995) (per curiam) (issuing writ of mandamus directing the trial court to cancel notice of lis pendens where the underlying lawsuit sought a constructive trust on property in satisfaction of a judgment plaintiffs sought against defendant because the suit claimed only a collateral interest in the property).

"To determine the validity of a lis pendens on appeal, this Court must look to [the] pleadings to determine whether the [underlying] suit sought to establish an interest in the real property involved, entitling [the party] to file a lis pendens." *Long Beach Mortg. Co.*, 284 S.W.3d at 414 (citing *First Nat'l Petroleum Corp. v. Lloyd*, 908 S.W.2d 23, 25 (Tex. App.—Houston [1st Dist.] 1995, no pet.); *Teve Holdings Ltd. v. Jackson*, 763 S.W.2d 905, 907 (Tex. App.—Houston [1st Dist.] 1988, no pet.)). "If, however, a motion seeking the removal of a lis pendens challenges the existence of facts supporting [a party's] alleged interest in the property, the trial court should consider evidence relevant to the question of whether the alleged property interest is direct or collateral." *Collins*, 172 S.W.3d at 295. In this case, SLF's arguments raise both a challenge to the pleadings and a challenge to the existence of facts supporting Maniatis' interest in the Property.

Here, as the Arizona Court found, the pending action listed in the lis pendens did not involve the question of title to, interest in, or encumbrance rights to the Property. Rather, it involved only the determination of the amount of the Lenders' deficiency judgments. Maniatis produced no evidence showing that any party was seeking to undo the deeds to SLF or otherwise requested affirmative relief from the Arizona Court related to the Property. Rather, Maniatis, who admits to having no ownership interest in the Property, sought to void by collateral attack the unchallenged receivership orders authorized by the Arizona Court in this litigation. At best, this

9

argument evokes "no more than a collateral interest in the property," and Maniatis' lis pendens is therefore void. *See Jordan*, 179 S.W.3d at 222.

Because the trial court properly quashed Maniatis' notice of lis pendens, we overrule Maniatis' first point of error.

## IV.    The Trial Court's Summary Judgment Was Proper

"The plaintiff in a quiet-title suit 'must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove.'" *Lance*, 543 S.W.3d at 739 (quoting *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)). Maniatis argues that the trial court erred in finding that SLF was entitled to summary judgment as a matter of law on this claim.

SLF's summary judgment evidence conclusively established that it purchased the Property and acquired deeds from the previous owners of the Property. Maniatis concedes on appeal that he never had an ownership interest in this Property and that SLF was deeded the Property. We find that SLF's summary judgment evidence established that it had a right of ownership to the Property and that Maniatis' notice of lis pendens constituted a cloud on title.

Because SLF produced evidence entitling it to summary judgment, the burden shifted to Maniatis to present evidence raising a genuine issue of material fact. "Without past or present ownership interest in title to land, a party does not have standing to challenge the transfer of the title pertaining to said land." *Rakowski v. Comm. to Protect Clear Creek Vill. Homeowners' Rights*, 252 S.W.3d 673, 679 n.9 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Marburger v. Seminole Pipeline Co.*, 957 S.W.2d 82, 89–90 (Tex. App.—Houston [14th Dist.]

10

1997, pet. denied)), *abrogated on other grounds by Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 181–83 (Tex. 2004); *see Elbar Invs., Inc. v. Wilkinson*, No. 14-99-00297-CV, 2003 WL 22176624, at *1 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, pet. denied) (not designated for publication); *Walston v. Lockhart*, 62 S.W.3d 257, 259 (Tex. App.—Waco 2001, pet. denied) (per curiam). Because it was undisputed that Maniatis had no right to the Property, the trial court correctly concluded that there was no fact issue raised on the question of SLF's ownership of the Property.[6]

We find the trial court's summary judgment quieting title in SLF's name proper and overrule Maniatis' last point of error.

## V.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     March 7, 2019
Date Decided:       April 11, 2019

---

[6]Maniatis first tried to appeal on behalf of the Intervenors, and he attempts to raise issues on behalf of the Intervenors, who are not parties to this case. In a letter issued by this Court on November 16, 2018, we explained to Maniatis that the Intervenors were not properly before this Court. For that reason, we will not address arguments raised on behalf of the Intervenors.

11